IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK KENNETH ANDERSON, JR.,

Plaintiff,                                                                          ORDER

v.                                                                      Case No. 26-cv-248-jdp

STATE OF WISCONSIN, *et al.*,

Defendants.

---

Plaintiff Mark Kenneth Anderson, Jr., an inmate at Columbia Correctional Institution, has submitted a proposed civil action under 42 U.S.C. § 1983 and a motion for leave to proceed without prepayment of the filing fee. Dkts. 1 and 3. Separately, plaintiff also filed motions to waive the filing fee, dkt. 27, and for additional time to submit a prisoner account statement, which the court would use to determine whether plaintiff must prepay a portion of the filing fee under 28 U.S.C. § 1915(b)(1). Dkt. 39. In his motion to waive the fee, plaintiff complains that the Wisconsin Department of Corrections refuses to provide an account statement.

After considering these motions and an account statement that plaintiff *did* submit in case number 26-cv-196, which was filed only two weeks before the present case, I conclude that plaintiff still qualifies for indigent status, and I will assess the same initial partial payment of $2.81 that was assessed in 26-cv-196.

Even though plaintiff qualifies for indigent status, he must prepay a portion of the filing fee under 28 U.S.C. § 1915(b)(1). Using information from the account statement that plaintiff submitted in 26-cv-196, I have calculated his initial partial payment to be $2.81. For this case to proceed, plaintiff must submit $2.81 on or before May 20, 2026.

ORDER

IT IS ORDERED that:

1. Plaintiff Mark Kenneth Anderson, Jr., is assessed an initial partial payment of the filing fee for this case in the amount of $2.81. Plaintiff must submit a check or money order payable to the Clerk of Court by May 20, 2026, or advise the court in writing why he cannot make the initial partial payment.

2. If plaintiff fails to make the initial partial payment by May 20, 2026, or fails to explain why the payment could not be made, then I will assume that he wishes to withdraw this action voluntarily. In that event, his case will be dismissed without prejudice.

3. Plaintiff's motion to waive the filing fee, dkt. 27, is DENIED. His motion for an extension of time to submit a prisoner account statement, dkt. 39, is DENIED AS MOOT.

4. No further action will be taken in this case until the clerk's office receives the initial partial payment as directed above and the court has screened the complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2). Once the screening process is complete, the court will issue a separate order.

Entered this 28th day of April, 2026.

BY THE COURT:

_____/s/_____
ANDREW R. WISEMAN
U.S. Magistrate Judge

2