IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK KENNETH ANDERSON, JR.,

Plaintiff,

v.

STATE OF WISCONSIN, ET AL.,

Defendants.

OPINION and ORDER

26-cv-248-jdp

---

Plaintiff Mark K. Anderson, proceeding without counsel, is a prisoner at Columbia Correctional Institution. Anderson alleges that medical staff has failed to properly treat his medical condition and he is no longer eligible for a transplant. Anderson has made an initial partial payment of the filing fee as directed by the court.

Anderson titled his initial pleading as an action for "damages and injunctive relief," Dkt. 1, at 1. The injunctive relief that he asks for in that filing is to be released from prison, relief only available in a habeas corpus proceeding. Whether I consider that case as one for damages and injunctive relief or as a habeas petition, I must review Anderson's pleading to determine whether it has any potential merit. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b), and Rule 4 of the Rules Governing Section 2254 Cases.

I conclude that there is no basis to grant Anderson any relief in this lawsuit. This court cannot grant a state prisoner habeas relief based on a "compassionate release" theory. *See Hall v. Cal.*, No. CV 25-6738, 2025 WL 2638654, at *3 (C.D. Cal. Sept. 10, 2025) (collecting cases). And in any event, Anderson's many subsequent filings make it clear that he intends this case to be a civil-rights action. But he already brought a civil-rights lawsuit regarding the alleged failure to provide him with adequate care for his medical problem. *See Anderson v. Labby*,

No. 26-cv-196-jdp, 2026 WL 1303338 (W.D. Wis. May 12, 2026). His current task in that lawsuit is to submit an amended complaint. There isn't any reason to pursue the same claims in this lawsuit. So I will dismiss this lawsuit, waive his filing fee for this case, and direct the clerk of court to transfer any payment made in this case to his other filing fees.

One final point. Before even making the initial partial payment of his filing fee in this case, Anderson filed dozens of repetitive motions regarding discovery, recruitment of counsel, accommodations for his physical disabilities, and other issues. I will deny all of these motions as moot. I will also warn Anderson that it is wasteful and counterproductive to file so many duplicative motions before first following the court's directives to him. Should he continue to inundate the court with motions in his other open cases, I will consider barring him from filing additional motions.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.

2. Plaintiff's filing fee for this case is WAIVED.

3. The clerk of court is directed to transfer plaintiff's payments in this case to one of his other open cases.

4. All of plaintiff's pending motions are DENIED.

Entered May 20, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge